## In re COMPLETE RETREATS, LLC, et al.,[1] Debtors.

### No. 06–50245.

United States Bankruptcy Court,
D. Connecticut,
Bridgeport Division.

Dec. 29, 2006.

---

Joel H. Levitin, Esq., Richard A. Stieglitz, Esq., Dechert, LLP, New York, NY, Jeffrey K. Daman, Esq., Dechert, LLP, Philadelphia, PA, Attorneys for the Debtor.

Michael Reilly, Esq., Jonathan Alter, Esq., William F. Govier, Esq., Bingham & McCutchen, LLP, Hartford, CT, Attorneys for the Official Committee of Unsecured Creditors.

Frederick F. Rudzik, Esq., Florida Department of Revenue, Tallahassee, FL, Attorney for the State of Florida Department of Revenue.

## MEMORANDUM AND ORDER ON LIMITED OBJECTION TO SALE

ALAN H.W. SHIFF, Bankruptcy Judge.

The State of Florida Department of Revenue has filed a limited objection to the debtor's motion to approve a sale of substantially all of its assets pursuant to 11 U.S.C. § 363(b) and (f). For the reasons that follow, Florida's objection is sustained.

### BACKGROUND

On July 23, 2006, the debtor filed a voluntary petition under Chapter 11. The debtor operates exclusive travel destination clubs which provide luxury accommodations and amenities to members in world wide destinations. Since the commencement of this case, it has been apparent that the debtor has an acute liquidity crisis.

At a November 29, 2006 hearing on the debtor's November 21, 2006 motion to sell property under § 363, the court was persuaded by the testimony of Holly Etlin, the debtor's chief restructuring and chief executive officer, that without an immediate § 363 sale "the company would proceed into liquidation ... and we ... anticipate that there aren't a lot of proceeds that will ultimately result from the sale of the homes and the wind down of the debtors' operations beyond that necessary to satisfy the senior secured lenders." November 29, 2006 Tr., pp. 161. See also November 21, 2006 hearing on a motion to

---

1. The above-captioned case has been jointly administered with cases 06–50256 through 06–50306 by a July 25, 2006 order. This memorandum and order references the jointly administrated debtors collectively as the "debtor" and the jointly administered cases collectively as the "case."

extend (the debtor stated that an imminent sale under § 363 sale was necessary). It was therefore determined that a sale of substantially all of the debtor's property was necessary, and, due to mounting pressure from lenders, such a sale could not be delayed until it could be achieved under a confirmed liquidating plan. Accordingly, the sale motion was granted in open court. See November 29, 2006 Tr., pp. 182, 186–188; see also November 30, 2006 order granting, *inter alia,* the debtor's motion to sell under § 363. The court then conducted an auction to determine the highest and best bidder for the property. Ultimate Resorts, LLC, emerged as the successful bidder, subject to a hearing scheduled for December 19, 2006 to consider any timely objections to the auction process. See November 29, 2006 Tr., pp. 183–188.

On December 15, 2006, Florida filed the instant objection, claiming that the proposed sale provided for an exemption of the applicable state taxes under § 1146(a), notwithstanding that the sale was under a confirmed plan as required by that section.

## DISCUSSION

Code section 1146(a) provides in relevant part:

> The ... transfer ... *under a plan confirmed under section 1129* of this title, may not be taxed under any law imposing a stamp tax or similar tax.

11 U.S.C. § 1146(a) (emphasis added).

The debtor essentially argues that a § 1146(a) exemption from Florida's taxes (and similar taxes [2]) is necessary. See November 21, 2006 *Debtor's Motion for Initial Relief,* pp. 50–51. However, the issue is not whether an exemption is necessary, but whether it is permissible. In that context, the debtor claims that § 1146(a)

should be construed so that the stated temporal relationship between a sale and a plan confirmation would be satisfied if it could be shown that the sale is an integral part of a confirmation of an *anticipated* plan.

Some courts in this circuit have departed from a literal reading of § 1146(a) to exempt taxes even though the sale was not under a confirmed plan, but rather in furtherance of a plan that had been filed. *See, e.g., In re Beulah Church of God in Christ Jesus, Inc.,* 316 B.R. 41 (Bankr. S.D.N.Y.2004). The debtor urges the move beyond *Beulah* by allowing the exemption even where, as here, a plan is anticipated but not yet filed.

The difficulty with the debtor's argument is that it urges the court to reconstruct rather than construe the statute. The plain language of § 1146(a) limits the applicability of a tax exemption to sales and other transactions that are "under a plan confirmed". The issue then centers on the meaning of "under a plan confirmed". In *City of New York v. Jacoby–Bender, Inc. (In re Jacoby–Bender, Inc.),* 758 F.2d 840 (2d Cir.1985), the court held that a sale after the confirmation of a plan was a sale under a confirmed plan because "... where, as here, a transfer ... is necessary to the consummation of the plan, the plan seems implicitly to have" dealt with "the transfer ...". *Id.* at 842 (citations omitted). Some bankruptcy courts in this circuit have gone beyond *Jacoby–Bender. See, e.g., In re Permar Provisions, Inc.,* 79 B.R. 530 (Bankr.E.D.N.Y. 1987) (the court found that a sale was exempt from local taxes even though it was before the confirmation of *filed* plan).

Here, as noted, the debtor has not yet filed a plan. The parties have not cited

---

2. The bar date for objections to confirmation of the sale has passed. Florida is the only

objector to the proposed § 1146(a) exemption.

and this court has not found any authority for a § 1146(a) exemption in a case where a plan had not been filed as of the time of the sale transaction. There is, however, authority for a contrary conclusion. *See, e.g., N.Y. City Dep't of Fin. v. 310 Assocs., L.P. (In re 310 Assocs., L.P.)*, 282 B.R. 295, 299 (S.D.N.Y.2002) ("A transfer cannot be under a plan confirmed if, at the time of the transfer, no plan has been drafted").

For the foregoing reason, Florida's limited objection to the subject sale is sustained, and

IT IS SO ORDERED.